Ms. Mary Greenwood County Attorney Manatee County Post Office Box 1000 Bradenton, Florida 33506
Dear Ms. Greenwood:
This is in response to your request for an opinion on substantially the following question:
 DOES THE USE OF COUNTY FUNDS FOR ITEMS SUCH AS RETIREMENT DINNERS, PLAQUES AND INCENTIVE AWARDS FOR COUNTY EMPLOYEES, OR COFFEE AND REFRESHMENTS FOR VISITORS CONSTITUTE A "COUNTY PURPOSE" FOR WHICH COUNTY FUNDS MAY LAWFULLY BE EXPENDED?
Your inquiry notes that, in an effort to create a more productive working environment among county employees, Manatee County would like to institute an incentive program whereby plaques and awards are bestowed upon certain employees in recognition of superior job-related achievements. In addition, Manatee County would like occasionally to fund retirement dinners to pay tribute to certain select county employees who have distinguished themselves by their service to the county.
Thus, you ask whether the expenditure of county funds for the above-enumerated purposes would constitute a valid and proper county purpose.
Article VIII, Section 1(f), State Const., provides:
 NON-CHARTER GOVERNMENT. Counties not operating under county charters shall have such power of self-government as is provided by general or special law. The board of county commissioners of a county not operating under a charter may enact, in a manner prescribed by general law, county ordinances not inconsistent with general or special law, but an ordinance in conflict with a municipal ordinance shall not be effective within the municipality to the extent of such conflict. (e.s.)
The statutory implementation of this constitutional provision is s125.01, F.S., which provides in pertinent part:
 (1) The legislative and governing body of a county shall have the power to carry on county government. (e.s.) To the extent not inconsistent with general or special law, this power shall include, but shall not be restricted to, the power to:
 (r) Levy and collect taxes, both for county purposes and for the providing of municipal services within any municipal service taxing unit, and special assessments, borrow and expend money, and issue bonds, revenue certificates, and other obligations of indebtedness, which power shall be exercised in such manner, and subject to such limitations, as may be provided by general law. . . . (e.s.)
 (t) Adopt ordinances . . . necessary for the exercise of its powers . . . .
 (w) Perform any other acts not inconsistent with law which are in the common interest of the people of the county, and exercise all powers and privileges not specifically prohibited by law. (e.s.)
Additionally, subsection (3)(a) of s 125.01, F.S., provides:
 No enumeration of powers herein shall be deemed exclusive or restrictive, but shall be deemed to incorporate all implied powers necessary or incident to carrying out such enumerated powers, including, specifically, authority to employ personnel, expend funds, enter into contractual obligations, and purchase or lease and sell or exchange real or personal property.
While subsection (3)(b) expressly provides:
 The provisions of this section shall be liberally construed in order to effectively carry out the purpose of this section and to secure for the counties the broad exercise of home rule powers authorized by the State Constitution.
In Speer v. Olson, 367 So.2d 207, 211 (Fla. 1978), the Florida Supreme Court, in construing s 125.01, F.S., held that the first sentence of s 125.01(1), "the legislative and governing body of a county shall have the power to carry on county government," grants to the governing body of a county the full power to carry on county government, and that unless the Legislature has preempted a particular subject relating to county government by either general or special law, the county governing body, by reason of the first sentence of s 125.01(1), has full authority to act through the exercise of home rule power. Speer went on to hold that, since there was no statute, general or special, which either specifically authorized or restricted a particular noncharter county's issuance of a category of general obligation bonds, the first sentence of s 125.01(1) therefore empowered the county board to proceed under its home rule powers to accomplish this purpose.367 So.2d at 211. Cf., State v. Orange County, 281 So.2d 310, 312
(Fla. 1973), noting that the object of Article VIII of the 1968 Constitution was to do away with the "local bill evil," (the necessity of counties going to the Legislature to obtain special enabling legislation). See also, AGO 81-48 (discussing Ch. 71-14, Laws of Florida, and the Speer decision, and concluding that, in the absence of any provision of general or special law restricting or prohibiting a noncharter county from adopting a home rule ordinance to allow certain payments to its employees, noncharter counties have authority to enact ordinances providing for such payments to county employees); AGO 71-169 (issued shortly after the enactment of Ch. 71-14, Laws of Florida, and stating that if the freight bureau of the county Chamber of Commerce collects and disseminates information that would be useful to the county in determining the most economical method of shipment of goods and materials purchased for county use, or would serve a similar county purpose, this office could see no reason why the county could not avail itself of the chamber's services in that respect, and suggesting that the county commission adopt an ordinance so declaring and authorizing the appropriation and disbursement of county funds therefor); and AGO 70-134 (county home rule ordinance takes the place of a special legislative act in matters of strictly local concern and is considered to constitute sufficient authority for the expenditure of county funds, so that the clerk as county auditor could ordinarily rely thereon when the ordinance is not clearly and patently unreasonable or an obvious abuse of discretion); cf., s 129.08, F.S., prohibiting any member of the board of county commissioners from knowingly and willfully voting to incur an indebtedness against the county in excess of the expenditure allowed by law or county ordinance or to pay any claim against the county not authorized by law or county ordinance, and s 129.09, F.S., forbidding the clerk, as county auditor, to sign any warrant for the payment of any claim or indebtedness against county funds in excess of the expenditure allowed by law or county ordinance or to pay any claim against the county not authorized by law or county ordinance.
I therefore conclude that, unless restricted by, and to the extent consistent with, general or special law, Manatee County may by proper ordinance expressing appropriate legislative findings as to the purpose of the ordinance and the benefits accruing to the county therefrom provide for any program that will be beneficial to the county and in its interest or will serve a county purpose, and may expend county funds for such declared purposes. However, this question actually involves the exercise of legislative judgment and is a matter that the county commission as the legislative and governing body of the county must initially determine by county ordinance under the power granted by s125.01(1), F.S., setting forth the requisite legislative findings and intent. The county commission may not delegate such legislative functions and determinations to the Attorney General nor may the Attorney General undertake to make such legislative findings and determinations for the county.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General